NOT DESIGNATED FOR PUBLICATION

No. 121,976

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS ex rel. SECRETARY, DEPARTMENT FOR CHILDREN AND FAMILIES,
M.M.C., a Minor Child by and through her Mother and Natural
Guardian, A.M.R., and A.M.R.,
*Appellees*,

v.

JERRY CARES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; LORI L. YOCKERS, judge pro tem. Opinion filed June 11, 2021. Affirmed.

*Rebekah A. Phelps-Davis*, of Phelps-Chartered, of Topeka, for appellant.

*Theresa M. Bogner*, staff attorney, Department for Children and Families, of Topeka, for appellees.

*Gary L. Conwell*, of Gary L. Conwell, LLC, of Topeka, for appellee A.M.R.

Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: In this action to enforce child support obligations against him, Defendant Jerry Cares asked the Shawnee County District Court to void a voluntary acknowledgment of paternity he had signed four years earlier. The district court declined to do so and ordered Cares to pay support for M.M.C. We find no error in that ruling and affirm the district court.

1

Cares had an intimate relationship with A.M.R., M.M.C.'s mother, that appears to have been fairly casual and of limited duration. When M.M.C. was born in September 2014, Cares came to the hospital later the same day to see the baby girl. While he was at the hospital, Cares signed what's known as a voluntary acknowledgment of paternity in which he agreed he is M.M.C.'s father and permitted his name to appear on her birth certificate as such. See K.S.A. 2020 Supp. 23-2204. Consistent with K.S.A. 2020 Supp. 23-2204, the form describes various rights and obligations that would devolve to Cares, as the signatory, because of his acknowledgment of the paternity of a child. The stated obligations include the duty to financially support the child, and the stated rights include the opportunity to set aside the acknowledgment within a year of the child's birth. See K.S.A. 2020 Supp. 23-2209.

Cares did not pay child support and apparently has not been materially involved in M.M.C.'s upbringing.

In July 2018, the State filed this action on behalf M.M.C. and A.M.R. to collect delinquent child support from Cares and to require him to pay support going forward. Cares duly answered and argued he should not be held to the voluntary acknowledgment of paternity because it was not truly voluntary. For reasons that aren't entirely apparent, the district court afforded Cares an evidentiary hearing to challenge the signed acknowledgment.

Cares agreed he signed the form. But he submitted that he had been drinking heavily that day and was intoxicated when he arrived at the hospital. He also argued that A.M.R. led him to believe no one else could have been M.M.C.'s biological father, when that was untrue. So Cares suggested there were substantial grounds to suspect he was not the father. The district court found that Cares had offered no sound legal basis for setting aside the voluntary acknowledgment of paternity some four years after he signed it. The

district court, therefore, held Cares responsible for child support for M.M.C. from March 2019 forward. Cares has appealed.

In K.S.A. 2020 Supp. 23-2209(e), the Kansas Legislature sets out a process and timeline for signatories to rescind voluntary acknowledgments of paternity. Pertinent here, the statute provides they may seek to rescind acknowledgments up to one year after the child's birth "based upon fraud, duress[,] or material mistake of fact" unless they act within 60 days after signing the documents. K.S.A. 2020 Supp. 23-2209(e). The statute, thus, appears to create a safe harbor for 60 days after a person signs an acknowledgment of paternity, permitting recission without cause during that time. Outside of that window, the signatory is limited to bringing an action on or before the child's first birthday and must prove at least one of the statutory conditions to rescind. The statute includes no provision for recission if both of those time periods have lapsed—that is, the child has turned one-year old and the acknowledgment has been in effect for more than 60 days. Factually, that's where Cares stood when he challenged his voluntary acknowledgment of paternity for M.M.C.

In *State ex rel. Secretary of DCF v. Smith*, 306 Kan. 40, 58, 392 P.3d 68 (2017), the Kansas Supreme Court concluded K.S.A. 2016 Supp. 23-2209(e) creates a categorical bar to rescinding a voluntary acknowledgment of paternity outside of the expressly stated statutory timeframes. So a challenge brought more than 60 days after the acknowledgment has been signed and after the child turns a year old necessarily fails as a matter of law regardless of what cause the signatory might claim or be able to prove. The court stated the rule this way:

> "Reading K.S.A. 2016 Supp. 23-2204 and 23-2209 together, after the child's first
> birthday, neither the man signing the VAP [voluntary acknowledgment of paternity] nor
> the mother can attempt to revoke the VAP, attempt to obtain a contrary determination of
> the father and child relationship by rebutting the presumption that arises from the VAP,
> or attempt to establish the existence of a conflicting presumption through, for example,

genetic testing. When a man and a mother sign the form they agree and acknowledge that the VAP creates a 'permanent father and child relationship.' K.S.A. 2016 Supp. 23-2204." *Smith*, 306 Kan. at 58.

The rule is clear and unequivocal. It applies to Cares in this case. And it is dispositive.

Based on *Smith*, Cares could not rescind the voluntary acknowledgment of paternity he signed in September 2014 as some sort of defense to this child support action filed in July 2018. At that point, recission was a legal impossibility. The voluntary acknowledgment conclusively established Cares to be M.M.C.'s "legal father," entailing a concomitant obligation to financially support the child. That Cares might not be M.M.C.'s biological father is immaterial for this proceeding. See 306 Kan. at 60. We, therefore, affirm the district court given the plain language of K.S.A. 2020 Supp. 23-2209(e) and its interpretation in the *Smith* decision.

In light of *Smith*, the district court likely handed Cares more process than he was legally due in holding a hearing on his request to rescind the voluntary acknowledgment of paternity. We, nonetheless, turn briefly to the points Cares has raised on appeal.

• The district court appointed a guardian ad litem for M.M.C. The guardian ad litem prepared reports to the district court recommending that genetic testing would not be in the child's best interests. The district court declined to provide the reports to Cares for his using in these proceedings. One of the reports is included in the record on appeal. According to the report, A.M.R. told the guardian ad litem she had sexual relations with another man who, based on the timing of the contact, could have been M.M.C.'s father.

Cares argues that the district court's decision to withhold the reports deprived him of a constitutional right to be fully and fairly heard on his request to rescind the voluntary acknowledgment of paternity. We find the argument to be without merit. In 2018, Cares

had no legal right to set aside the acknowledgment in the first place; he, in turn, had no right to a hearing for that purpose. The failure to disclose the reports could not have diminished rights Cares did not otherwise have.

A.M.R.'s admission in the report that another man could have been M.M.C.'s biological father—contradicting what she told Cares in 2014—might have shown a form of fraud or a mistake of fact under K.S.A. 2020 Supp. 23-2209(e). We offer no studied suggestion one way or the other. But even if there were fraud or mistake, Cares had to seek recission on either ground before M.M.C. turned one year old. He did not, and that's the end of the matter.

• Cares contends the district court abused its discretion in finding he voluntarily signed the acknowledgment form in September 2014. A district court exceeds that broad authority if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Biglow v. Eidenberg*, 308 Kan 873, 893, 424 P.3d 515 (2018); *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). We find Cares' contention unpersuasive.

Outside the 60-day safe harbor and after the child's first birthday, a signatory cannot rescind a voluntary acknowledgment of paternity for any reason. The district court, therefore, correctly applied the law to the facts here in enforcing the acknowledgment. As we have explained, even if A.M.R. had misled Cares about his being M.M.C.'s father leading up to the child's birth, that would not have provided a legal basis to rescind the acknowledgment four years later. Likewise, even if Cares had been intoxicated when he signed the acknowledgment, that would (at most) have been a reason to seek recission before M.M.C. turned a year old. Under Kansas law, a party's intoxication renders a contract or other agreement voidable rather than void. See *Lacy v. Mann*, 59 Kan. 777, 53 P. 754 (1898). And it is hardly clear intoxication would amount to

5

duress or mistake for purposes of K.S.A. 2020 Supp. 23-2209(e). Cares' ostensible intoxication furnished no grounds for recission in 2018.

• Cares contends the district court abused its discretion in finding him to be M.M.C.'s father in light of the hearing evidence. For purposes of child support, Cares was indisputably M.M.C.'s legal father based on his voluntary acknowledgment of paternity. He, therefore, is obligated to pay child support. Cares' argument otherwise is legally untenable.

In sum, based on the clear language of K.S.A. 2020 Supp. 23-2209(e) and the *Smith* decision, the district court correctly found Cares could not rescind his voluntary acknowledgment of paternity and is required to financially support M.M.C.

Affirmed.